**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JEFFERY S. MUSSELMAN,<br>　　　　　Appellant, | DOCKET NUMBER<br>DA-1221-14-0499-W-3 |
|　　　v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　Agency. | DATE: June 17, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeffery S. Musselman, Vilonia, Arkansas, pro se.

Shonte Fletcher, Esquire, Aberdeen Proving Ground, Maryland, for the
　agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the appellant engaged in additional protected activity but nonetheless failed to prove that it was a contributing factor to any personnel action, we AFFIRM the initial decision.

¶2        The appellant filed this IRA appeal, alleging that he was subjected to improper retaliation for engaging in protected activity. *Musselman v. Department of the Army*, MSPB Docket No. DA-1221-14-0499-W-1, Initial Appeal File (IAF), Tab 1. He alleged that each of the following disclosures and activities were protected: (a) on June 28, 2013, he arranged a teleconference between his Director, K.N., and a number of term employees; (b) on June 28, 2013, he informed K.N. that loss of the term employees could result in mission failure and result in a gross waste of funds; (c) on April 5, 2011, he reported an employee's sexual harassment complaint to his Program Manager; (d) on July 18, 2011, he reported that his Program Manager was engaged in time fraud; and (e) on October 24, 2011, he prepared a memorandum in relation to an equal employment opportunity (EEO) complaint filed by another individual.[2] *See id.* at 11-15. The appellant further alleged that, because of these activities, he was relieved of his

---

[2] For the sake of simplicity and clarity, this decision follows the initial decision by identifying the appellant's disclosures and activities as (a)-(e).

duties as Acting Program Manager and denied a temporary promotion. IAF, Tab 1 at 4, Tab 11 at 4.

¶3 The administrative judge found that the appellant met his jurisdictional burden, but twice dismissed the matter, without prejudice, to postpone adjudication due to the unavailability of witnesses. IAF, Tab 37 at 1-2; *Musselman v. Department of the Army*, MSPB Docket No. DA-1221-14-0499-W-2, Refiled Appeal File (RAF-I), Tab 36 at 2-3; *Musselman v. Department of the Army*, MSPB Docket No. DA-1221-14-0499-W-3, Refiled Appeal File (RAF-II), Tab 6, Initial Decision (ID) at 1 n.1. Ultimately, after holding the requested hearing, the administrative judge denied the appellant's request for corrective action. ID at 2, 30. Concerning the appellant's allegations that he had made protected disclosures or engaged in protected activity, (a)-(e), the administrative judge first found that (a), (c), and (e) were not protected activity or disclosures. ID at 10-14, 16-18. She also found that, while (d) was a protected disclosure, the appellant failed to prove that it was a contributing factor to any personnel action. ID at 18-19. Finally, the administrative judge found that (b) was a protected disclosure, and the appellant proved that it was a contributing factor to the removal of his "acting" duties and the denial of his temporary promotion, ID at 14-16, 18-19, but the agency proved by clear and convincing evidence that it would have taken the personnel actions notwithstanding the disclosure, ID at 20-30.

¶4 The appellant has filed a petition for review. *Musselman v. Department of the Army*, MSPB Docket No. DA-1221-14-0499-W-3, Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

The Board will not consider the appellant's new argument and evidence concerning activity (a), his arrangement of a teleconference.

¶5 The appellant arranged a teleconference on June 28, 2013, between K.N. and a number of term employees that wanted to discuss their impending release. IAF, Tab 5 at 5-7. He alleged that this was protected activity under 5 U.S.C.

§ 2302(b)(9)(B).  IAF, Tab 11 at 4.  The administrative judge determined that it was not.  ID at 10-14.

¶6    Section 2302(b)(9)(B) makes it unlawful for an individual to take, fail to take, or threaten to take or fail to take a personnel action because of the employee "testifying for or otherwise lawfully assisting any individual in the exercise of any right referred to in [5 U.S.C. § 2302(b)(8)(A)](i) or (ii)."  5 U.S.C. § 2302(b)(9)(B); *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 10 (2015).  For example, performing union-related duties, such as filing grievances and representing other employees in the grievance process, are protected activities under section 2302(b)(9).  *Alarid*, 122 M.S.P.R. 600, ¶ 10.

¶7    Below, the appellant did not assert that he was representing the term employees in any negotiated grievance procedures.  ID at 13; RAF-II, Tab 3 at 7.  Instead, he argued that he was facilitating the term employees' request to discuss the end of their terms under the agency's Open Door policy statement.  ID at 12; IAF, Tab 11 at 4, Tab 26 at 5; RAF-II, Tab 3 at 7.  That policy statement indicates that the doors to the Command Sergeant Major's and Brigadier General's offices are open "to air any issues, grievances, or to offer suggestions that have not been adequately addressed through the Chain of Command."  IAF, Tab 26 at 5.  The administrative judge found that the Open Door policy was not a "law, rule, or regulation" granting employees any "appeal, complaint, or grievance right" under 5 U.S.C. § 2302(b)(9).  ID at 13.

¶8    On review, the appellant does not dispute the administrative judge's conclusion about the Open Door policy.  Instead, he argues, for the first time, that the term employees were covered by a collective bargaining agreement (CBA).  PFR File, Tab 1 at 4.  He submitted a copy of that CBA, and asserts that he was complying with the grievance procedures portion of the agreement by scheduling the June 28, 2013 teleconference.  *Id*. at 4, 8-53.  However, the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously

available despite the party's due diligence.  *Banks v. Department of the Air Force*, [4 M.S.P.R. 268](), 271 (1980).  Because the appellant failed to show that his new argument and evidence were previously unavailable, we will not address them further, and we will not disturb the administrative judge's conclusion that (a) was not protected.

We modify the initial decision to find that the activities (c) and (e) were protected activity, but the appellant failed to prove that either was a contributing factor in a personnel action.

¶9        In his initial appeal, the appellant alleged that he reported an employee's sexual harassment complaint to his Program Manager on April 5, 2011, and he prepared a memo in relation to an EEO complaint filed by another individual on October 24, 2011.  IAF, Tab 1 at 14-15.  The administrative judge found that those activities, (c) and (e), were not protected because they occurred prior to the enactment of the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-19, 126 Stat. 1465.  ID at 16-18.  On review, the appellant seems to argue otherwise.  PFR File, Tab 1 at 5.

¶10       Pursuant to the WPEA, which became effective on December 27, 2012, Congress expanded the grounds on which an appellant may file an IRA appeal with the Board.  *See Hooker v. Department of Veterans Affairs*, [120 M.S.P.R. 629](), ¶ 9 (2014); WPEA § 101(b)(1)(A).  Prior to the enactment of the WPEA, an appellant only could file an IRA appeal with the Board based on allegations of whistleblower reprisal under [5 U.S.C. § 2302](b)(8).  *See Wooten v. Department of Health & Human Services*, [54 M.S.P.R. 143](), 146 (1992), *superseded by statute as stated in Carney v. Department of Veterans Affairs*, [121 M.S.P.R. 446](), ¶ 5 (2014).  Following the WPEA's enactment, an appellant also may file an IRA appeal with the Board concerning alleged reprisal based on certain other classes of protected activity as defined in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), and (D).  [5 U.S.C. § 1221](a); *Hooker*, [120 M.S.P.R. 629](), ¶ 9.  However, the Board has declined to give retroactive

effect to the new IRA appeal rights provided under the WPEA for alleged violations of section 2302(b)(9)(A), (B), or (C).  *See Hooker*, 120 M.S.P.R. 629, ¶¶ 11-15.

¶11     The administrative judge determined that (c) and (e) were not protected because both occurred prior to the enactment of the WPEA.  ID at 17.  In doing so, the administrative judge erred.  The date of the purported retaliation is dispositive, not the date of the protected activity.  *See Hooker*, 120 M.S.P.R. 629, ¶ 15 (explaining that the Board would not apply the WPEA retroactively for violations of section 2302(b)(9)(B) because doing so would increase a party's liability for past conduct).  Because the purported retaliation, the removal of "acting" duties and the denial of a temporary promotion, occurred in 2013, after the enactment of the WPEA, both are covered by 5 U.S.C. §§ 1221(a), 2302(b)(9)(B).  IAF, Tab 5 at 4.  We, therefore, vacate the administrative judge's findings to the contrary.  Nevertheless, based on our analysis below, we find that the appellant's claim still fails.

¶12     To establish a prima facie case of reprisal, an appellant must prove, by preponderant evidence, that he engaged in protected activity and that the activity was a contributing factor in a personnel action against him.  *See* 5 U.S.C. § 1221(e)(1); *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 25 (2013).  Only if the appellant makes out a prima facie case of reprisal for protected activity must the agency be given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected activity.  *See* 5 U.S.C. § 1221(e)(2); *Shibuya*, 119 M.S.P.R. 537, ¶ 32.

¶13     Although we find that (c) and (e) were protected activities, the appellant failed to prove that either was a contributing factor in the removal of his "acting" duties or the denial of his temporary promotion.  An appellant can establish contributing factor by showing that the official responsible for the personnel action knew of the protected activity and took the personnel action within a

period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *See Mason v. Department of Homeland Security*, [116 M.S.P.R. 135](), ¶ 26 (2011). In this case, the administrative judge determined that even if (c) and (e) were protected, the appellant failed to show that K.N., the individual responsible for removing his "acting" duties, had any knowledge of the same. ID at 19 n.9. In his petition, the appellant asserts that K.N. was copied on emails "detailing EEOC and sexual assault cases in which the appellant provided sworn testimony." PFR File, Tab 1 at 5. However, he failed to identify any evidence that shows K.N. knew of the appellant's involvement, and we are aware of none. *See id.*; *Tines v. Department of the Air Force*, [56 M.S.P.R. 90](), 92 (1992) (finding that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record); *Weaver v. Department of the Navy*, [2 M.S.P.R. 129](), 133 (1980) (determining that, before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record which demonstrates the error), *review denied*, [669 F.2d 613]() (9th Cir. 1982) (per curiam); *cf*. IAF, Tab 32 at 18; RAF-I, Tab 27 at 20-21. Similarly, to the extent that individuals other than K.N. were responsible for the denial of the appellant's temporary promotion, which the agency attributes to a hiring freeze stemming from sequestration, *see, e.g.*, IAF, Tab 16 at 7-8, 22-28, the appellant failed to show that such individuals had any knowledge of (c) or (e). Accordingly, we find that the appellant failed to prove, by preponderant evidence, that activities (c) or (e) were a contributing factor to the agency removing his "acting" duties or denying his temporary promotion.

The administrative judge properly found that the agency met its burden of proof.

¶14     Although the administrative judge found that the appellant established a prima facie case of whistleblower retaliation concerning disclosure (b), she also found that the agency met its burden of proving that it would have removed the

appellant's "acting" duties and denied his temporary promotion notwithstanding that disclosure.  ID at 20-30.  The appellant appears to dispute that finding on review.  PFR File, Tab 1 at 5-7.  We find no merit to his arguments.

¶15      Clear and convincing evidence "is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established."  5 C.F.R. § 1209.4(e).  In determining whether an agency has proven, by clear and convincing evidence, that it would have taken an action notwithstanding an employee's whistleblowing, the Board will consider all of the relevant factors, including the following:  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.  *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).  The Board must consider all the pertinent record evidence in making this determination, both evidence that supports the agency's case and evidence that detracts from it.  *See Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

¶16      In short, the administrative judge found that the agency presented evidence of legitimate reasons for its personnel actions, including K.N.'s dissatisfaction with the appellant's performance of his duties and an agency-wide hiring freeze.  ID at 21-24, 27-29.  She also found that the pertinent agency officials had little motive to retaliate against the appellant because his disclosure about the negative impact of losing term employees was a widely held view that had been conveyed previously by others and there had been prior attempts to retain those term employees—attempts that were unsuccessful due to the budget realities of sequestration.  ID at 20-21, 26-27.  Further, the administrative judge found that the agency took similar actions against employees who were not whistleblowers but were otherwise similarly situated.  ID at 28-29.

¶17    On review, the appellant argues that, while the agency presented evidence that K.N.'s displeasure with his performance of "acting" duties stemmed from the appellant permitting an outside contractor to participate in an internal call without K.N.'s knowledge,[3] doing so was required by the agency's CBA and the National Labor Relations Act. PFR File, Tab 1 at 6-7. However, we need not address this argument because the appellant failed to raise it below. ID at 24-25; RAF-II, Tab 3 at 7; *Banks*, 4 M.S.P.R. at 271.

¶18    Next, the appellant reasserts that, although the agency presented evidence that his temporary promotion was denied due to a hiring freeze, there were some exceptions to the hiring freeze. PFR File, Tab 1 at 5. The administrative judge addressed this matter below, finding numerous witnesses credible when they testified that only the U.S. Army Forces Command made exceptions to the hiring freeze, those exceptions were limited, and exceptions were not made for temporary promotions. ID at 21-24, 28-29. That testimony included the appellant's supervisor reporting that his own temporary promotion was denied, along with the temporary promotions of the appellant and two other subordinates. ID at 21-22. It also included a Human Resources Specialist reporting that those specific temporary promotions were denied due to the hiring freeze and indicating that he was not aware of any temporary promotions being approved during the relevant period. ID at 23.

¶19    The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Although the

---

[3] It appears that the presence of the U.S. Army Corps of Engineers contractor on the teleconference was perceived as problematic because the call included discussions about the agency's ability to continue bidding on and performing reimbursable work for the U.S. Army Corps of Engineers if the term employees were released. *See, e.g.*, IAF, Tab 5 at 22-23.

appellant has reasserted that the agency made some exceptions to its hiring freeze, generally, he has failed to present any basis for disturbing the administrative judge's decision to credit the associated explanations provided by the testifying witnesses. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Accordingly, we agree with the administrative judge's determination that the agency proved, by clear and convincing evidence, that it would have removed the appellant's "acting" duties and denied his temporary promotion, notwithstanding his protected disclosure.

¶20 In the absence of any other arguments, we find no other basis for disturbing the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you

may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.